## Ross vs. The State.

Where the record does not contain any indictment upon which the defendant was convicted, nor show that an indictment was returned into court, this court will reverse the judgment, and remand the cause for further proceedings.

*Error to Sebastian Circuit Court.*

Hon. Felix I. Batson, Circuit Judge.

Faust, for the plaintiff in error.

Where there is no indictment in the record sent to this court, the conclusion is that none was found against the defendant, much less presented in open court; and the proceedings against him are a nullity. *sec.* 14, *art.* 2, *Const. Ark.*; *Secs.* 85, 87, *ch.* 52, *Gould's Dig.*; *Brown vs. State,* 7 *Humph.* 155; *Chappel vs. State, Yerg.* 166; *Green vs. State,* 19 *Ark.*, *and authorities cited;* and the defendant ought to be discharged, *Stith vs. State,* 13 *Ark.* 680; *The King vs. Bourne,* 7 *Adol. & Ellis* 58; *and authorities there cited.*

Mr. Chief Justice English delivered the opinion of the Court.

This case was brought here by writ of error to the circuit court of Sebastian county.

From the transcript returned with the writ, it appeared that Daniel Ross, the plaintiff in error, had been convicted by the verdict of a jury, of *robbery*, and sentenced to the penitentiary for twelve years. But there being no indictment in the transcript, and no showing that the grand jury had returned into court any indictment against Ross, a *certiorari* was awarded to perfect the transcript, in accordance with the principles settled

in *Green vs. The State*, 17 *Ark.* 183, and other cases there cited.

In the transcript brought up by *certiorari*, as in that returned with the writ of error, there is no indictment, and no entry that the grand jury returned into court any indictment against Ross.

The clerk states that the indictment, and a motion in arrest of judgment, had been lost, destroyed, or purloined from his office, etc.

In the first record entry, the cause is entitled thus:

" State of Arkansas, *Plaintiff*,

       vs.           &#125; *Indictment for assault to murder and rob.*

Daniel Ross and A. Koo-wee, *Defendants*."

In the second entry, thus:

" State of Arkansas, *Plaintiff*,

       vs.           &#125; *Assault with intent to kill and rob.*

Daniel Ross and A. Koo-wee, *Defendants*."

Under this caption it is shown that the defendants severed, and that Ross was tried and found, by the jury, guilty of robbery.

In the final entry, the cause is entitled thus:

" State of Arkansas, *Plaintiff*,

       vs.           &#125; *Indictment for robbery.*

Daniel Ross, *Defendant*.

Under this caption it is shown that Ross moved in arrest of judgment, that the motion was overruled, and he was sentenced to the penitentiary for twelve years in accordance with the verdict.

Under the principles settled in the cases above referred to, we cannot affirm a conviction for felony upon a record so defective as the one before us, but the judgment must be reversed and the cause remanded for further proceedings.

And it appearing that the plaintiff in error is confined in the penitentiary, a mandate must be issued to the sheriff of Pulaski county, to receive the prisoner of the keeper of the penitentiary, and convey and deliver him into the custody of the sheriff and jailor of Sebastian county, to abide such further proceedings as

may legally be taken against him in the court to which the cause is remanded.